UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALLIDUS CAPITAL CORPORATION,

        Plaintiff,

v.

HARVEY INDUSTRIES LLC, et al.,

        Defendants.

Case No.  2:15-cv-10616-RHC-EAS

Hon. Robert H. Cleland

Hon. Magistrate Elizabeth A. Stafford

_____/

**ORDER AUTHORIZING SALE OF ASSETS FREE AND
CLEAR OF ANY AND ALL LIENS, CLAIMS, SECURITY
INTERESTS, AND OTHER ENCUMBRANCES OF ANY KIND
OR TYPE, AND GRANTING RELATED RELIEF**

This Court has read and considered Receiver's Motion to Approve Sale of Assets [the "Motion", Docket No. 37] and any objections thereto.  Based upon such consideration, the Court finds that entry of this Order is in the best interests of the Receivership Estate,[1] its creditors and other parties in interest, and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it is therefore **FOUND AND DETERMINED THAT**:[2]

---

[1] All capitalized terms not otherwise defined herein have the same meaning as set forth in the Motion.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See*, Fed.R.Civ.Pro. 52.

A. **Jurisdiction and Venue:** This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1332(a)(2). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

B. **Statutory Predicates:** This Court has authority to approve the Asset Purchase Agreement ("Purchase Agreement") and transactions contemplated therein pursuant to 28 U.S.C. §§ 754, 959, 2001, and 2004 and F.R.C.P. 66.

C. **Notice:** Proper, timely, adequate and sufficient notice of the Motion has been provided. No other or further notice is required.

D. **Opportunity to be Heard:** A reasonable opportunity to object or be heard regarding the relief requested in the Motion and the transactions pursuant thereto has been afforded to all interested persons and entities, including, without limitation, the following: (i) each party who has filed an appearance in this matter; (ii) all parties who are known to assert any lien, claim, interest or encumbrance in or upon any of the Receivership Assets, and (iii) all applicable federal, state, and local taxing authorities (collectively, the "Taxing Authorities"). Objections, if any, to the Motion have been withdrawn or resolved and, to the extent not withdrawn or resolved, are hereby overruled.

E. **Sale Efforts Process:** As stated in the Motion, the Receiver has thoroughly marketed the Receivership Assets, solicited bids from targeted parties, and then conducted an auction sale with adequate opportunity for parties that either

expressed an interest in acquiring the Receivership Assets, or who the Receiver believed might have an interest in acquiring the Receivership Assets, to submit competing bids. Lender, on behalf of itself or its designee, submitted the highest and best offer at the Auction. The Receiver and Lender have negotiated the Purchase Agreement in a diligent, noncollusive, fair and good faith manner.

F. **Highest and Best Offer:** The Purchase Agreement attached to the Motion as Exhibit B, including the form and total consideration to be realized pursuant to the Purchase Agreement, (i) is the highest and best offer received by the Receiver for the Receivership Assets, (ii) is fair and reasonable, and (iii) is in the best interests of the Receivership Estate, its creditors and all other parties in interest. There is no legal or equitable reason to delay entry into the Purchase Agreement, and the transactions contemplated therein, including, without limitation, the Sale.

G. **Assignment of Senior Debt and Credit Bid**: Lender has duly assigned a portion of the Senior Debt and its rights under the Purchase Agreement to Purchaser and Purchaser is authorized to submit a credit bid for the Receivership Assets in the amount of the Assigned Debt pursuant to the Receivership Order. Lender has credited the Company for the amount of the Assigned Debt and has consented to the sale of its collateral free and clear of any liens, claims and security interests that it holds in the Sale Assets, only.

H. **Time is of the Essence:** Time is of the essence in effectuating the Purchase Agreement and proceeding with the Sale contemplated therein.  The net value of the Receivership Assets continue to decline as the Company continues to incur debt to operate within the Receivership.  Based on the record, the Sale under the Purchase Agreement is authorized to close beginning on the first business day following entry of this Order to maximize the value that the Receiver may realize from the Sale, and the value that the Receivership Estate may realize from entering into the Purchase Agreement.  Accordingly, cause exists to permit this Order to be a final order immediately upon entry.

I. **Sale Free and Clear:** A sale of the Sale Assets other than one free and clear of liens, claims, encumbrances, defenses (including, without limitation, rights of setoff and recoupment) and interests, including, without limitation, security interests of whatever kind or nature, mortgages, conditional sales or title retention agreements, pledges, deeds of trust, hypothecations, liens, encumbrances, assignments, preferences, debts, easements, charges, suits, licenses, options, rights-of-recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, taxes (including foreign, state and local taxes), licenses, covenants, restrictions, indentures, instruments, leases, options, off-sets, claims for reimbursement, contribution, indemnity or exoneration, successor, product, environmental, tax, labor, ERISA, CERCLA, alter ego and other liabilities, causes

of action, contract rights and claims, to the fullest extent of the law, in each case, of any kind or nature, known or unknown, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, liquidated or unliquidated, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, statutory or non-statutory, matured or unmatured, legal or equitable (collectively, "Encumbrances") and without the protections of this Order would hinder the Receiver's ability to obtain the consideration provided for in the Purchase Agreement, and, would thus impact materially and adversely the value that the Receivership Estate would be able to obtain for the sale of the Receivership Assets.  But for the protections afforded to the Purchaser under this Order, the Purchaser would not have offered to pay the consideration contemplated in the Purchase Agreement.  In addition, each entity with an Encumbrance upon the Sale Assets, (i) if senior in priority to Lender shall be satisfied by Lender in full prior to the transfer of the Sale Assets or Purchaser shall take the Sale Asset subject to such senior lien, (ii) has consented to the Sale or is deemed to have consented to the Sale, or (iii) is junior in right and title to Lender and Purchaser.  Those holders of Encumbrances who did not object, or who withdrew their objections, to the Motion are deemed to have consented.  Therefore, approval of the Purchase Agreement and the consummation of the Sale free and clear of Encumbrances is appropriate pursuant to 28 U.S.C. §§ 2001 and 2004, the

Receivership Order and equity and is in the best interests of the Receivership Estate, creditors and other parties in interest.

J.  **Arms-length Sale:**  The consideration to be paid by the Purchaser under the Purchase Agreement constitutes reasonably equivalent value and fair and adequate consideration for the Assets.  The terms and conditions set forth in the Purchase Agreement are fair and reasonable under these circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying or defrauding the Receivership Estate or its creditors under any applicable laws.

K.  **Good Faith:**  The Lender and Receiver and their respective equity holders, officers, directors, employees, agents and representatives actively participated in the bidding process and acted in good faith.  The Purchase Agreement was negotiated and entered into based upon arm's length bargaining, without collusion or fraud, and in good faith.  The Purchaser's prospective performance and crediting of amounts owing under the Purchase Agreement will be in good faith and for valid business purposes and uses.

L.  **Receiver Authority:**  Pursuant to the Receivership Order and this Order, the Receiver (i) has full power and authority to execute, deliver and perform the obligations under the Purchase Agreement and all other transactions contemplated thereby, and entry into the Purchase Agreement hereby approved and

authorized, and (ii) has full power and authority necessary to consummate the transactions contemplated by the Purchase Agreement pursuant to this Order. No consents or approvals, other than those expressly provided for herein or in the Purchase Agreement, are required for the Receiver to consummate such transactions.

   M. **No Successor Liability:** No sale, transfer or other disposition of the Sale Assets pursuant to the Purchase Agreement or entry into the Purchase Agreement will subject the Lender, the Purchaser or Receiver to any liability for claims, obligations or Encumbrances asserted against the Company or the Company's interests in the Sale Assets by reason of such transfer under any laws, including, without limitation, any bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories. The Purchaser is not a successor to the Company or the Receivership Estate.

   **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

   A. **Motion Granted, Objections Overruled**

   1. The relief requested in the Motion is granted as set forth herein.

   2. Any remaining objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are overruled in all respects and denied.

**B.    Purchase Agreement Approved and Authorized**

3.    The execution of the Purchase Agreement and all further documentation required thereby, including Bills of Sale and a Covenant Deed, and the sale of the Sale Assets to the Purchaser are authorized, approved and confirmed.  The Receiver is hereby authorized and empowered to enter into and perform under the Purchase Agreement and consummate the sale of the Sale Assets without further order of the Court.  The failure to include specifically any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement and all of its provisions, payments and transactions, and ancillary documents referenced therein, be authorized and approved in their entirety.

4.    As Receiver, the Receiver is specifically authorized to act on behalf of the Company in connection with the Sale and no other consents or approvals are necessary or required for the Receiver to carry out the Sale, and to effectuate the Purchase Agreement and each of the transactions and related actions contemplated or set forth therein, including any allocation of the Purchaser Price.

**C.    Order Binding**

5.    This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents,

title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Sale Assets.

6. This Order and the terms and provisions of the Purchase Agreement shall be binding on all of the Company's creditors (whether known or unknown), the Company, the Purchaser, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Receivership Assets. The provisions of this Order and the terms and provisions of the Purchase Agreement, and any actions taken pursuant hereto or thereto shall survive the entry of any order for relief under the United States Bankruptcy Code.

### E. Sale Assets are Conveyed Free and Clear of Encumbrances.

7. The Receiver is authorized to sell the Receivership Assets and any related property free and clear of any and all Encumbrances except as to Priority Liens consented to by Lender and Purchaser, which such Priority Liens shall continue in the applicable Sale Asset in the same priority as existed immediately prior to entry of this Order. Upon consummation of the Sale, the Sale Assets shall

be conveyed to the Purchaser free and clear of all Encumbrances other than those Priority Liens consented to by Lender and Purchaser with such Priority Liens continuing in the Sale Assets in the same priority as currently exists. All Priority Liens not consented to by Lender and Purchaser shall be satisfied in full prior to the transfer of any Sale Assets to Purchaser.

8. In connection with its Credit Bid, Lender shall credit the Company's debt obligations to Lender in the total amount of the Purchase Price. All Encumbrances in Receivership Assets that are not part of the Sale Assets (collectively, the "Excluded Assets"), including the liens and security interests of Lender, shall remain in the Excluded Assets in the same priority as currently exists.

9. If any person or entity that has filed financing statements, mortgages, construction or mechanic's liens, lis pendens or other documents or agreement evidencing liens on or interests in the Sale Assets shall not have delivered to the Company or Receiver, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of any Encumbrances which the person or entity has with respect to the Sale Assets, each such person or entity is hereby directed to deliver all such statements, instruments and releases and the Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity asserting the same, and the Purchaser is also authorized to file a copy of this

Order which, upon filing, shall be conclusive evidence of the release and termination of any such Encumbrances.  Each and every federal, state and local governmental unit is hereby directed to accept any and all documents and instruments necessary or appropriate to give effect to the Sale and related transactions.

10. All entities that are presently in possession of some or all of the Sale Assets or other property in which the Company holds an interest that are or may be subject to the Purchase Agreement hereby are directed to surrender possession of such Sale Assets or other property to the Purchaser.

### E. No Successor Liability

11. The Lender and Purchaser shall not be liable for any claims against the Company, the Receiver or the Receivership Estate, and the Company, Receiver and Receivership Estate shall not be liable for any claims against Purchaser or the Lender, in each case, other than as expressly provided for in the Purchase Agreement.  Neither the Purchaser nor Lender shall have any successor liability whatsoever with respect to any Encumbrances or claims of any nature that may exist against the Receiver, Company or Receivership Estate, including, without limitation, neither Lender nor Purchaser shall be, or be deemed to be: (i) a successor in interest or within the meaning of any law, including any revenue, successor liability, pension, labor, ERISA, bulk-transfer, products liability, tax or

environmental law, rule or regulation, or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories; or (ii) a joint employer, co-employer or successor employer with the Receiver, Company or Receivership Estate, and shall have no obligation to pay the Receiver, Company or Receivership Estate's wages, bonuses, severance pay, vacation pay, WARN act claims (if any), benefits or any other payments to employees of the Receiver, Company or Receivership Estate, including pursuant to any collective bargaining agreement, employee pension plan, or otherwise, except as expressly set forth in the Purchase Agreement.

### G. No Warranties

12. Except as explicitly set forth in the Purchase Agreement and/or this Order, the Sale Assets are being sold to Purchaser and are assigned, conveyed and transferred to Purchaser without any express or implied representations or warranties of any kind whatsoever, AS IS, WHERE IS, WITH ALL FAULTS, and WITHOUT RECOURSE.

### H. General Provisions

13. Nothing contained in any subsequent order of this Court in these proceedings shall alter, conflict with, or derogate from, the provisions of the Purchase Agreement or the terms of this Order.

14. The Purchase Agreement and related documents may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

15. This Court shall retain exclusive jurisdiction with regard to all issues or disputes relating to this Order or the Purchase Agreement, including, but not limited to, protecting the Receiver, Company or Receivership Estate, Lender and/or the Purchaser against any assertions of Encumbrances. This Court shall hear the request of such parties or persons with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances.

16. This Order shall be exempt from compliance with the requirements of 28 U.S.C. §§ 2001(a) and (b) and 2004, which are expressly waived, consistent with the terms of the Receivership Order.

17. There being no reason for delay, and time being of the essence, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Company, Receiver and the Purchaser are free to perform under the Purchase Agreement at any time, subject to the terms of the Purchase Agreement.

18. To the extent that anything contained in this Order explicitly conflicts with a provision in the Purchase Agreement, this Order shall govern and control.

19. Unless and until the receivership has been terminated by order of the Court, the Receiver and parties shall remain subject to the terms of the Receivership Order.

20. Case No. 13–14749, Chrysler Group LLC v. Harvey Industries LLC and Case No. 14–10484, Callidus Capital Corp. v. Chrysler Group LLC, both pending in the United States District Court for the Eastern District of Michigan before the Honorable Robert H. Cleland (the "Chrysler Cases") are proceeding as if no Stay exists provided that should FCA US LLC ("FCA US") obtain a net affirmative recovery against Harvey Industries LLC, then FCA US is stayed from collecting such net affirmative recovery from the Receivership Assets. With the exception of that limitation, nothing in this Order shall affect FCA's rights in the Chrysler Cases including, but not limited to, rights of set-off, recoupment and the return of tooling, if any.

21. Further, nothing in this Order shall affect or be deemed a waiver of Performance Assembly Solutions, LLC's ("PAS") right to assert any offsets, recoupments or defenses against or with respect to any accounts receivable or other monies owed by PAS to the Company, the Receiver or the Purchaser. If PAS were to obtain a net affirmative recovery against Harvey Industries LLC, then PAS is

14

stayed from collecting such net affirmative recovery from the Receivership Assets.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 18, 2015, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

15